UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

IN RE:

GREG SOLMA and                                              Chapter 7
MARY L. SOLMA

    Debtors.                                      Bankruptcy No. 05-05377S


MEMORANDUM DECISION RE:
TRUSTEE'S MOTION FOR TURNOVER

    The trustee seeks turnover of money which debtor Greg Solma received from his late mother's 401(k) plan. Solma asserts that the money is not property of the bankruptcy estate. Hearing on the motion began on January 23, 2007, and concluded on April 11, 2007. Wil L. Forker, trustee, appeared on his own behalf. A. Frank Baron appeared as attorney for Solma. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

    Solma and his spouse filed their joint petition on October 6, 2005. The trustee certified that this was a no-asset case, and on January 25, 2006, final decree entered, and the case was closed.

    Solma's mother, Roseann M. Solma, died on March 1, 2006, within 180 days after the filing of Solma's bankruptcy petition. Solma is one of five children. With his siblings, Solma is an equal beneficiary in his mother's will, his mother's life insurance policies, and his mother's 401(k) plan with her employer, Hy-Vee, Inc.

    On trustee's motion, Solma's case was reopened on October 24, 2006. Trustee moved for turnover of the assets to which

Solma became entitled on account of his mother's death. At first Solma resisted any turnover; however, he now concedes that the trustee has a right to his interests in the life insurance benefits and his mother's probate estate. The only issue remaining is whether the trustee is entitled to turnover of Solma's one-fifth share of the 401(k) benefit.

As a result of Mrs. Solma's death, Solma was entitled to a one-fifth distribution from the 401(k) plan, amounting to $7,050.21 (exhibit 2). Principal Life Insurance Company made the distribution to Solma. After deducting state and federal income taxes, Principal paid Solma $5,992.68 on April 14, 2006.

Trustee contends that the proceeds of the 401(k) plan are property of the estate under 11 U.S.C. § 541(a)(5), which states, in pertinent part, that the estate includes-

> any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date-
>
>    (A) by bequest, devise, or inheritance; ... or,
>
>    (C) as a beneficiary of a life insurance policy or of a death benefit plan.

11 U.S.C. § 541(a)(5)(A) and (C).

Trustee argues that Solma became entitled to the 401(k) benefit payment by "bequest, devise or inheritance," or from a "death benefit plan." Solma argues it was neither. There is no dispute that Solma became entitled to the property within 180 days after his bankruptcy petition was filed.

I agree with the trustee that the interest in the 401(k) plan to which Solma became entitled was an interest in a death

benefit plan.  Upon her retirement, any benefits paid to Mrs. Solma, had she lived, would have been a retirement benefit.  <u>See</u> exhibit 3, § 5.01. However, the 401(k) plan also contained a death benefit for her named beneficiaries.  <u>See</u> exhibit 3, §§ 5.02, 6.01(b), 6.02(b), 6.03(b), 10.07 (first paragraph).  I conclude that the benefit payable and paid to Greg Solma was acquired by him as a beneficiary under a death benefit plan.  The 401(k) benefit is property of his bankruptcy estate under 11 U.S.C. § 541(a)(5).

Also I find and conclude that Greg Solma's interest in the probate estate of his late mother, Roseann Solma, and his interest in life insurance benefits on life insurance policies under which she was insured, are also property of Solma's bankruptcy estate.

IT IS ORDERED that the motion for turnover is granted.  Greg Solma shall turn over to the trustee, forthwith, the benefits paid to him as a distribution from the Hy-Vee, Inc. 401(k) plan of participant Roseann M. Solma.  He shall also turnover to the trustee any property he has or may receive from the probate estate of Roseann M. Solma or from policies of insurance on the life of Roseann M. Solma.  Judgment shall enter accordingly.

DATED AND ENTERED  April 24, 2007

*/s/ W.L. Edmonds*

William L. Edmonds, Chief Bankruptcy Judge